IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADAM ECHTINAW, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: No. 08-CV-3011 |
| HARLEY LAPPIN, DUKE TERRELL, CLAUDE CHESTER, MICHAEL K. NALLEY, MICHAEL D. CROWELL, JACK FOX, and SUSAN BARNETT, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE**

Adam Echtinaw, a prisoner in the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth"), brings suit *pro se* against Harley Lappin,[1] Duke Terrell, Claude Chester, Michael K. Nalley, Michael D. Crowell, Jack Fox and Susan Barnett. Plaintiff alleges that defendants, who are current or former employees of the federal prison system, violated the First Amendment by infringing his freedom of religion. This matter is before the Court on plaintiff's Request for Preliminary Injunction (Doc. #41) filed August 14, 2008. In this request, plaintiff asks the Court to order (1) that the Jumu'ah Service held in the auditorium on Fridays from 1:00 p.m. to 2:00 p.m. be undisturbed by piano-playing and classes held in nearby rooms; (2) that books and videos which Crowell purchased in 2007 be made available to Muslim inmates; and (3) that Muslim inmates be allowed to utilize $200.00 for an Eid Ceremonial meal in October of 2008. For the reasons stated below, plaintiff's requests for the ceremonial meal and

---

[1] Plaintiff's complaint and other filings incorrectly refer to Lappin as "Harvey" and "Harly." According to documents filed by defense counsel, his first name is "Harley."

the books and videos are OVERRULED as moot, and plaintiff is ORDERED TO SHOW CAUSE why his remaining request should not also be overruled as moot.

### Factual Background

Plaintiff is a federal prisoner who practices the Muslim faith. The Muslim community at USP Leavenworth holds a weekly Jumu'ah prayer service on Fridays, usually from 1:00 to 2:00 p.m, in the prison auditorium. The auditorium adjoins the chapel and at least two classrooms where other programs or speakers meet, sometimes at the same time as the Jumu'ah service. Noise from the adjoining rooms sometimes carries to the auditorium and disrupts plaintiff's worship, which is supposed to be conducted in a quiet environment. Though the doors between the auditorium and the adjoining rooms are kept closed during the service to minimize interruption, plaintiff heard loud voices and piano music coming from rooms near the auditorium on at least two occasions in August, 2008. See Plaintiff's Request for Preliminary Injunction (Doc. # 41). Crowell (who is the supervisory chaplain at USP Leavenworth) admits that he is aware of the Muslim community's concerns about noise disruption of the Jumu'ah prayer service. Crowell schedules no other services in the auditorium area (including the adjacent rooms) during Jumu'ah services, has apprised another prison chaplain of the Muslim community's concern about noise, and has instructed prison staff to make efforts to diminish any noise coming to the auditorium area. See Declaration of Michael D. Crowell (Doc. # 43-4), filed August 29, 2008.

Plaintiff alleges that that Crowell purchased books and videos for the Muslim community in 2007, but that they have not been made available for use by the Muslim population.[2] In response, Crowell avers that the books and videos are either available in the

---

[2]  Though plaintiff identifies the withheld books as those listed in Exhibit 2,
(continued…)

inmate chapel library or have been checked out for use by the inmate population.  Id.

The Muslim population planned to hold an Eid ceremonial meal in October, 2008. Prison policy permits religious groups one ceremonial meal per year.  Prison policy permits but does not require prison religious services personnel to spend up to $200 for food for these ceremonial meals.  For several years, Crowell has not funded ceremonial meals for any faith groups.  Id.

## Analysis

A preliminary injunction is an extraordinary remedy, so the movant's right to relief must be clear and unequivocal.  Wilderness Workshop v. U.S. Bureau of Land Mg't., 531 F.3d 1220, 1224 (10th Cir. 2008).  A party seeking a preliminary injunction must satisfy a four-factor test in order to be awarded such temporary relief.  Prairie Band of Potawatomie Indians v. Pierce, 253 F.3d 1234, 1246 (10th Cir. 2001).  The requesting party must show that (1) he has a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable harm unless the preliminary injunction is issued; (3) the threatened injury outweighs the harm the preliminary injunction might cause the opposing party; and (4) the preliminary injunction will not adversely affect the public interest.  Id.   Further, if plaintiff meets the second, third and fourth factors, his burden on factor one decreases.  Neal v. Lewis, 259 F. Supp. 2d 1178, 1180 (D. Kan. 2008) (citing Longstreth v. Maynard, 961 F.2d 895, 903 (10th Cir. 1992)).

After reviewing plaintiff's motion, the Court does not believe that plaintiff can satisfy these elements.  Indeed, his requests appear to be moot.

**A.    Plaintiff's request for $200 to fund an Eid ceremonial meal is overruled as moot.**

---

$^{2}$ (continued…)
Attachment G to the Memorandum in Support of Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. # 39), it appears the list to which plaintiff refers is actually found in Exhibit 2, Attachment M.

Plaintiff requests that defendants provide a $200 meal allowance for a ceremonial meal in October of 2008. Obviously, that time has passed and plaintiff's request is now moot.

Also, plaintiff has also not shown a substantial likelihood of prevailing on the merits because he concedes that he did not exhaust administrative remedies on this claim. See Plaintiff's Response to the Defendant's [sic] Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, (Doc. # 40).

### B. Plaintiff's request that the Muslim community be provided books and DVDs is overruled as moot.

Plaintiff asks the Court to order that defendants "make available" certain books and DVDs which Crowell purchased for the Muslim community. In response, Crowell states that the books and DVDs have been made available through the prison library or that they have been checked out to the inmate population. See Declaration of Michael D. Crowell (Doc. # 43-4). Plaintiff does not rebut this evidence. Accordingly, the injunctive relief which plaintiff requests is apparently unnecessary. Accordingly, the Court overrules plaintiff's request for injunctive relief.

### C. Plaintiff's is ordered to show cause why his request that the Friday Jumu'ah prayer services be relatively undisturbed should not be overruled as moot.

Plaintiff asks the Court to order defendants to ensure that the Muslim community's Jumu'ah prayer service be undisturbed by noise from classes and other activities held in rooms adjacent to the auditorium. In response, Crowell states that he (1) specifically does not schedule other services in the auditorium area (including the adjacent rooms) during the time the Jumu'ah service is held, (2) has apprised another chaplain of the Muslim community's concerns about noise and (3) has instructed his staff to make efforts to diminish any noise going to the auditorium area and ensure that the doors remain closed. Id. Plaintiff does not rebut Crowell's testimony, but it is unclear whether Jumu'ah services continue to be disturbed by

-4-

noise from adjacent areas, or whether the relief which plaintiff requests has already been achieved. Accordingly, the Court directs plaintiff to show cause in writing why his request that the Jumu'ah prayer service be relatively undisturbed should not be overruled as moot.

**IT IS THEREFORE ORDERED** that the portion of plaintiff's Request for Preliminary Injunction (Doc. #41) filed August, 14, 2008, asking for $200 for an Eid ceremonial meal be and hereby is **OVERRULED** as moot, the portion of plaintiff's request asking for books and DVDs be and hereby is **OVERRULED** as moot, and plaintiff is hereby **ORDERED TO SHOW CAUSE in writing by December 31, 2008** why the remaining portions of plaintiff's Request for Preliminary Injunction should not be overruled as moot.

Dated this 18th day of December, 2008

                                                      s/ Kathryn H. Vratil
                                                            KATHRYN H. VRATIL
                                                            United States District Judge